[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED FEBRUARY 22, 1994
The defendant, Richard Duntz, has filed a motion for change of venue, seeking to have his trial on the charge of murder moved out of Litchfield County. The State of Connecticut opposes this motion.
The court has reviewed the oral testimony given at the February 15, 1994 hearing on this motion, has read hundreds of written articles presented as evidence, and has viewed videotapes from three television channels. The issue is whether the defendant has sustained his burden of satisfying the court that he could not receive a fair and impartial trial in Litchfield County. Conn. Gen. Stat. § 51-353; Conn. Practice Book, Section 835; State v. Townsend, 211 Conn. 215,224 (1989).
The legal principle involved is easy to espouse, but difficult to apply. This case, the events that led to it, and the light which suffuses it, have been the focus of frequent and intense publicity for the past eight and a half years in normally quiet Litchfield County. Almost half the residents of the county are aware of it to some degree, and that percentage is likely to rise sharply during the trial that is about to begin, because of the close media scrutiny it will certainly receive.
The court believes that a fair and impartial jury could be selected in Litchfield, by proper use of the voir dire juror screening process. Both parties have an inviolate right under the Connecticut Constitution and by statute to question each prospective juror individually, CT Page 1049-A so as to permit the trial court to determine if that juror is qualified to serve, and to help both sides in exercising their right to peremptory challenges. It is probable that it would take a long time to complete jury selection, but that is not a reason to change the venue.
In determining whether Mr. Duntz could receive a fair trial in Litchfield, the court must go beyond the question of jury selection, and consider what will happen after the trial begins.
The court believes, that as the trial goes on over a period of many weeks, it is probable that a substantial number of people in Litchfield County will have a strongly held opinion of what they would like the verdict to be. This creates a serious risk that in some fashion, whether from newspapers, radio, television, family or friends, these opinions and other comments about the case will be revealed to the jurors sitting on the case. This risk exists even if the jurors do their utmost to follow the daily instruction that will be given by the court to avoid any mention of the case outside the walls of the courtroom. The court is not skeptical of the jury's good faith efforts to comply with the court's admonition, but given the climate prevailing in Litchfield County, jurors could no more avoid hearing such improper comments, than they could dodge the snowflakes that so frequently fall upon northwestern Connecticut during these months.
This being so, the court does not wish to subject the jury, the parties, or the court to the very real specter of a mistrial which would loom over this trial. This is especially so because transfer to another county could not possibly result in any prejudice to either side.
In the interest of assuring a fair and impartial trial, an interest which is undoubtedly shared by the people of the state of Connecticut and Richard Duntz, the motion for change of venue is granted, and it is ordered that the trial of this case be transferred from Litchfield County to a site to be determined in Hartford County. CT Page 1049-B